ACCEPTED
04-18-00008-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
1/22/2018 10:29 AM

No. 04-18-00008-CV

Court of Appeals, Fourth District
San Antonio, Texas

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

1/22/2018 10:29:59 AM

KEITH E. HOTTLE
CLERK

*In re* Maria Cecilia Martinez

Relating to Cause No. PR-06-004
in the County Court at Law
Starr County, Texas

## FIRST SUPPLEMENTAL RECORD ON MANDAMUS VOLUME

**J. Joseph Vale**
jvale@atlashall.com
State Bar No. 24084003
**O. Carl Hamilton**
och@atlashall.com
State Bar No. 08847000
**ATLAS, HALL & RODRIGUEZ, LLP**
818 Pecan/P.O. Box 3725
McAllen, Texas 78501
(956) 682-5501 (phone)
(956) 686-6109 (facsimile)

Attorneys for Real Parties in Interest
Maria Iris Trevino and Maria Del Rosario G. Pope

January 22, 2018

001

TO THE HONORABLE COURT OF APPEALS:

Real Parties in Interest Maria Iris Trevino and Maria Del Rosario G. Pope file this First Supplemental Record on Mandamus Volume along with their Response to Petition for Writ of Mandamus filed on this same date, relating to Cause No. PR-06-004 in the County Court at Law, Starr County, Texas. This volume contains sworn copies of pleadings and documents relevant to this proceeding and a transcript authenticated by the court reporter. The entire volume has been bates stamped for ease of citation. The index for this supplemental volume is attached as an exhibit followed by the record documents.

Respectfully submitted,

**ATLAS, HALL & RODRIGUEZ, LLP**
818 Pecan/P.O. Box 3725
McAllen, Texas 78501
(956) 682-5501 (phone)
(956) 686-6109 (facsimile)

By: /s/ J. Joseph Vale
**J. Joseph Vale**
jvale@atlashall.com
State Bar No. 24084003
**O. Carl Hamilton**
och@atlashall.com
State Bar No. 08847000

*Attorneys for Real Parties in Interest*
*Maria Iris Trevino and*
*Maria Del Rosario G. Pope*

2

# Verification

**STATE OF TEXAS** §
§
**COUNTY OF HIDALGO** §

Pursuant to Texas Civil Practice & Remedies Code §132.001, on this day personally appeared J. Joseph Vale and declares under penalty of perjury that the following is true and correct:

1. My name is J. Joseph Vale. I am one of the attorneys for Maria Iris Trevino and Maria Del Rosario G. Pope, real parties in interest the above-referenced cause. I am above the age of eighteen, have never been convicted of a felony or a crime of moral turpitude, and am competent to make this declaration. The facts stated herein are within my personal knowledge and are true and correct.

2. The documents and pleadings contained in Trevino and Pope's First Supplemental Record on Mandamus Volume are true and correct copies of the originals appearing in the trial court's record. The documents and authenticated transcript have been "bates stamped" for ease of citation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: January 22, 2018.

_____
J. Joseph Vale

## Jurat

My name is J. Joseph Vale, my date of birth is December 19, 1986, and my address is 818 W. Pecan Blvd., McAllen, Texas 78501, United States of America. I declare under penalty of perjury that the foregoing is true and correct. Executed in Hidalgo County, State of Texas, on the 22nd day of January, 2018.

_____
J. Joseph Vale

3

003

## Certificate of Service

I certify that the foregoing document (and any attachments) was electronically filed with the Clerk of the Court using the electronic case filing system of the Court. I also certify that a true and correct copy of the foregoing was served on all counsel of record on January 22, 2018, as follows:

| Recipient: | Attorney for: | Served by: |
|---|---|---|
| **Keith C. Livesay** (rgvappellatelaw@yandex.com) LIVESAY LAW OFFICE 517 West Nolana McAllen, Texas 78504 | Executrix/relator Maria Cecilia G. Martinez | Electronically if available, or by email |
| **Marcel C. Notzon, III** (mcn@notzonlawfirm.com) THE NOTZON LAW FIRM Northtown Professional Plaza 6999 McPherson, Suite 325 Laredo, Texas 78041 | Executors/real parties in interest Maria Celeste G. Narro, Ignacio Gutierrez, and Maria Minerva G. Guerra | Electronically if available, or by email |
| **Hon. Romero Molina** Starr County Courthouse 401 N. Britton Avenue Rio Grande City, Texas 78582 | Respondent | Certified mail, return receipt requested |

J. Joseph Vale

4

# Record Index

## First Supplemental Volume

| Date | Tab | Document |
|------|-----|----------|
| 11/16/16 | 1 | Trevino and Pope's Response to the Motion for Plea to the Jurisdiction |
| 11/17/16 | 2 | Transcript of Hearing on Partial Settlement |
| 01/04/18 | 3 | Trevino and Pope's Motion to Clarify or Amend Order (along with proposed orders) |
| 01/04/18 | 4 | Martinez's Response to Motion to Clarify or Amend Order |
| 01/04/18 | 5 | Order Setting Hearing on Motion to Clarify or Amend Order (signed) |
| 01/09/18 | 6 | Martinez's proposed orders on Motion to Clarify or Amend Order |
| 01/09/18 | 7 | Amended Order Denying Plea to the Jurisdiction (signed) |



TAB 1

OF THE RECORD

CAUSE NO. PR-06-004

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| IGNACIA G. GUTIERREZ, | § | OF |
| | § | |
| DECEASED | § | STARR COUNTY, TEXAS |

## RESPONSE TO THE MOTION FOR PLEA TO THE JURIDICTION

TO THE HONORABLE JUDGE OF SAID COURT:

MARIA DEL ROSARIO POPE and MARIA IRIS G. TREVIÑO, two of the Executors of the Estate of Ignacia Gutierrez, file this response to the Motion for Plea to the Jurisdiction filed by Maria Cecilia G. Martinez, Maria Celeste G. Narro, Jose I. Gutierrez and Maria Minerva G. Guerra and say:

1. In the Motion for Plea to the Jurisdiction, the Movants misstate which motions have been filed on behalf of Maria del Rosario G. Pope and Maria Iris G. Trevino.

a. The plea refers to the Motion to Allow One Executor to Convey Property and Sign Distribution Deeds. That motion was filed by Marlane Meyer on behalf of Maria Cecilia G. Martinez, and not by the undersigned attorney.

b. The Motion to Allow Three Executors to Convey Property, or Alternatively Remove Executors Refusing to Sign Distribution Deeds was also filed by Marlane Meyer, and not by the undersigned attorney.

2. The other motions mentioned in the Motion for Plea to the Jurisdiction were filed by the undersigned the attorney, and the court does have jurisdiction to consider those.

a. Third Amended Motion to Allow Executors to Convey Property and Sign Distribution Deeds. Section 307.002(b) of the Estate Code authorizes the court to allow fewer than all to sign .

b. Motion to Remove Independent Executors. The court is authorized to do that pursuant to Sections 404.003 and 404.0035 of the Estate Code for gross mismanagement of Estate funds.

c. Motion to Have Accounting Deemed Accepted. Section 405.001 of the Estate Code provides that any interested person may petition the court for an accounting or distribution. The motion before the court is to get the accounting accepted, and hence the court has jurisdiction over that.

d. Motion to Require the Co-Executors to Provide Information. This is in the nature of discovery, and all of the Texas Rules of Civil Procedure, including the discovery rules, are applicable to probate proceedings (Rule 2, Texas Rules of Civil Procedure). Hence, the court has jurisdiction of discovery matters and may impose sanctions if the court's discovery orders are not complied with.

3. Maria del Rosario G. Pope and Maria Iris G. Trevino have now filed a motion asking the court for an order requiring distribution of the Estate. The court's jurisdiction is therefore invoked under Section 405.001 of the Estate Code, and the court has jurisdiction to order distribution of the Estate.

4. The court therefore has jurisdiction to decide all of the above-mentioned motions pending before the court, and the Motion for Plea to the Jurisdiction should be denied.

WHEREFORE, PREMISES CONSIDERED, Movants pray that the Court deny the Motion to the Plea to the Jurisdiction filed by Maria Cecilia G. Martinez, Maria Celeste G. Narro, Jose I. Gutierrez, and Maria Minerva G. Guerra.

Respectfully submitted,

**ATLAS, HALL & RODRIGUEZ, LLP**
P. O. Drawer 3725 (78502)
818 West Pecan Boulevard
McAllen, Texas 78501
(956) 682-5501
(956) 686-6109 – Facsimile

By: _____
O.C. Hamilton, Jr.
Texas State Bar No. 08847000
E-Mail: och@atlashall.com

*Attorney for Maria Iris G. Treviño and Maria Del Rosario G. Pope*


## CERTIFICATE OF SERVICE

I hereby certify that on I have served a true and correct copy of the above and foregoing document on the parties or their attorneys of record through the electronic filing manager and in accordance with Rule 21a of the Texas Rules of Civil Procedure on the ___16th___ day of November 2016.


mcn@notzonlawfirm.com
Marcel C. Notzon, III
The Notzon Law Firm
Northtown Professional Plaza
6999 McPherson, Suite 325
Laredo, Texas 78041


_____
O.C. Hamilton, Jr.



TAB 2

OF THE RECORD

CAUSE NO. PR-06-004

REPORTER'S RECORD

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE COUNTY COURT |
| | § | |
| THE ESTATE OF | § | AT LAW |
| | § | |
| IGNACIA G. GUTIERREZ | § | STARR COUNTY, TEXAS |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

PRETRIAL HEARING ON ALL PENDING MOTIONS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

On the 17TH day of November, 2016, the following Proceedings came on to be heard in the above-entitled and numbered cause, before the Honorable Romero Molina, Judge Presiding, held in Rio Grande City, Starr County, Texas

Proceedings reported by oral stenography

A P P E A R A N C E S:

MARCEL C. NOTZON, III
THE NOTZON LAW FIRM
State Bar of Texas No. 15119001
6999 McPherson Rd., Suite 325
Laredo, Texas  78041
Tel. (956)717-1961
Fax
                ATTORNEY FOR THE ESTATE


JOHN ANDREW 'JOHN' RIGNEY
RIGNEY LAW FIRM
State Bar of Texas No. 24089356
4712 N. McColl Road
McAllen, Texas  78504
Tel. (956) 638-6421
Fax:
                ATTORNEY FOR CECILIA MARTINEZ


OSCAR C. 'CARL' HAMILTON, JR.
ATLAS, HALL & RODRIGUEZ, LLP
State Bar of Texas No. 08847000
818 West Pecan Boulevard
P.O. Box 3725
McAllen, Texas  78502-3725
Tel. (956)682-5501
Fax


JUDGE JOHN A. POPE, III
LAW OFFICE OF POPE AND POPE, PLLC
State Bar of Texas No. 16133000
200 N. Britton Ave.
Rio Grande City, TX 78582
Tel. (956)488-1896
Fax
                ATTORNEYS FOR MARIA GUTIERREZ TREVINO
                AND MARIA ROSARIO G. POPE.

THE COURT: The Court is going to call PR-06-004, In the Matter of the Estate of Ignacia G. Gutierrez.

MR. NOTZON: Marcel Notzon on behalf of the Estate of Ignacia G. Gutierrez.

MR. HAMILTON: Carl Hamilton on behalf of Iris Trevino and Rosario Pope.

MR. RIGNEY: John Rigney, Your Honor, on behalf of Ms. Martina Cecilia Martinez -- I mean, Cecilia Martinez.

MR. NOTZON: Judge, basically, we've had various discussions and I thing we've reached an agreement with regard to how the estate should proceed forward. And, basically, our agreement is as follows: With regard to the survey of the Mirasoles Ranch and Chapote Ranch, that will be -- proceed forward; will be paid from the estate up to twelve thousand dollars. There's Rosario Pope had her property surveyed previously, I think a few years ago, and the estate will reimburse her three thousand for that per agreement. They said it was six thousand, but she's agreed to three thousand. And, you know, no compensation for her services.

Basically, the parties have agreed to a mutual accountant that both Cecilia Martinez and Rosario Pope use, which is Rolando Flores. He will do an

accounting of the estate for the past couple of years.

And basically, with regard to the ETT litigation --

MR. HAMILTON: Excuse me just a minute. And he will be paid by the people who hire him and not the estate.

MR. NOTZON: Right. At this time, that's correct.

MR. NOTZON: And basically -- and with regard to the ETT litigation, there was a separate --

THE COURT: I'm sorry. What is that?

MR. NOTZON: ETT Versus -- there's some property that belonged to three of heirs -- I think Jose Ignacio Gutierrez, Minerva Guerra and Celeste Narro. There was litigation on that. There's two hundred and twelve thousand in the registry of the court. They've agreed that the estate is -- has no interest in that property pursuant to the law, and so they're relinquishing any and all claim to those funds. So any settlement with ETT --

THE COURT: There's litigation still pending regarding that matter?

MR. NOTZON: Right.

THE COURT: And they're giving up any interest in the litigation and in the funds.

MR. NOTZON: That's correct.

MR. HAMILTON: Correct.

MR. NOTZON: Mr. Hamilton and his clients agree to that. Also -- what's the last thing?

MR. HAMILTON: There's two other --

MR. NOTZON: Oh, with the cattle, both sides will do a new inventory of the cattle. Mr. Schifelbaum can go over to the Mirasoles Ranch and the 377 acres just to verify what cows and cattle are there. And they can have a representative go to the Chapote Ranch and verify what cattle are there. We'll try to get that done by, maybe, November 30th or the first week in December, according to the schedule of the parties. And then we can allocate the cattle accordingly, by agreement, or --

MR. HAMILTON: We've already inventoried and furnished them with an inventory. They furnished us with an inventory. There's about two or three cows difference. So our agreement, after we verify that, is going to be that whatever is on the Chapote Ranch, they keep. Whatever is on the Mirasoles Ranch, the owners of that keep.

MR. NOTZON: Subject to this accounting.

THE COURT: Correct, unless there's some discrepancies in the accounting.

MR. HAMILTON: The other -- the other agreement, Your Honor, is with respect to the deeds for distribution of the estate. Way back in 2009, Mr. Notzon

prepared some deeds. And some of the folks got them and recorded, and they're incorrect in many respects.

Number 1, they convey all the minerals to those grantees, and the deed provides that all the minerals go into a mineral trust, so that's wrong. The deeds also convey some property that the estate didn't own. And the deeds may or may not take into account the disclaimers. We only have some of the deeds and not all of them.

So we need to redo those deeds and file correction deeds. And as the Court knows, the grantees are going to have to sign off on all those deeds because they're substantive changes in them. And so we need an agreement that once the deeds are prepared and ready to by executed, that the grantees of the deeds will all sign off on those.

Will they agree to that?

MR. NOTZON: Right, to the extent that there's an error on that, that will be corrected. All of the beneficiaries, including the ones that received disclaimers, need to have a proper deed. So to the extent that there's an error on those deeds, we've agreed to correct that and give the respective percentages.

THE COURT: There's new --

MR. HAMILTON: I beg your pardon?

THE COURT: There's new law regarding

corrections. I'm assuming you all will follow that.

MR. HAMILTON: Yes, Your Honor. That's what requires --

THE COURT: Do affidavits and stuff like that in lieu of actual correction deeds.

MR. HAMILTON: That's what requires the grantees to sign off on them.

THE COURT: Then you're aware of that and will comply with those.

MR. NOTZON: Just by way of example -- just -- so I think we're on the same page. For example, Rosario Pope, she disclaimed fifty percent of certain property of the estate and twenty-five percent went to Douglas Pope, and twenty-five -- her son -- and twenty-five percent to Rachel Pope, her daughter. So basically, instead of receiving $1/6^{th}$ she's going to receive $1/12^{th}$, and each of the children will receive $1/24^{th}$. Or he wanted to put it in percentages like 50% of $1/6^{th}$, and then 25% of $1/6^{th}$ to Douglas, 25% of $1/6^{th}$ to Rachel. Is that correct?

MR. HAMILTON: Yes.

MR. NOTZON: Okay.

MR. HAMILTON: Now the other thing is that we prepared -- when we were asked to prepare the deeds to distribute the entire estate, we did so for, not only the clients that own Mirasoles, but also the parties that own

the Chapote Ranch. And up until now, I don't think there's been any agreement on the descriptions that Mr. -- that Judge Pope found. That's why they wanted these surveyed.

I intend to -- with the Court's permission? We have a motion pending for two executors to sign these deeds, rather than all of them. And my motion would ask the Court to grant that and allow these two executors to sign these deeds. And we proposed to sign the deeds to Mirasoles and everything that goes to Iris and Rosario, but not deeds to your other folks if they don't want them. If they want to use the deeds we prepared, fine. If you want to do some other deeds or whatever, we don't care, because I don't represent those people on those deeds. So I think we need to have --

THE COURT: And those deeds are property that's not going to covered by this re-survey of these two ranches?

MR. HAMILTON: No, these are in addition to.

THE COURT: They're in addition?

MR. HAMILTON: They're in addition.

THE COURT: You don't have any problems with those legal descriptions?

MR. NOTZON: Well, that's why we need the survey for Cecilia. Specifically, on my client, I don't think there will be a problem for the Chapote Ranch, but --

or for those set of executors and beneficiaries. But for Mirasoles, there is Iris and Cecilia that are receiving the bulk of Mirasoles. There's about a hundred and fifteen acres that has to be carved out of Mirasoles.

And Mr. Hamilton is correct. We have to agree on the dimensions. She specifies, "We want it on Escobas Road." And so we need to figure out where are those -- what dimensions are the hundred and fifteen acres are going to be from, and then get a metes and bound description of that. So this survey should help us get that done, to the extent that there are judicial partitions, which I think there are in several of the properties. I think, generally, we're going to have to go with the judicial partition even if there is a shortage or excess acres.

They will know exactly where, per the survey, the fence lines of the property are. You know, well you've got five acres excess or five acres short, they'll know that, for their own dealings in the future, which is, I assume why Rosario had hers done a couple of years ago -- her three hundred and seventy-seven acres.

But generally, once we -- the surveys should be ready within about ten to fourteen days. Once I get that, I've agreed to give that to Mr. Hamilton and Mr. Pope. And from there, I've very hopeful we should reach an

agreement as to what the deeds should say. So I don't there should be any --

THE COURT: Who is the surveyor?

MR. NOTZON: It is Howland Engineering out of Laredo. And they're also doing the ad joinders, as the Court had suggested. And they've also done not as much as Melvin and Hunt, but they've done -- I mean, their price was very reasonable at twelve thousand for both of these properties.

MR. RIGNEY: If I may, Judge? My client is -- in this agreement that we're doing, the understanding was that we are no longer pursuing the only -- only two of the heirs to be the executors. And we were honoring the intent of the Will, which was there's four independent executors, and those four independent executors will be left alone to do their job. Which means after the surveys are complete -- and Your Honor is correct in the fact that the survey will affect the Mirasoles Ranch as well -- the descriptions will be found properly. The surveys will be done. There'll be new deeds done to everybody and they will be approved by the four independent executors, according to the will of the deceased.

And that was the understanding that we were coming forth here today before Your Honor. If that is -- if I'm mistaken in that understanding, then we need to go

back to the drawing table.

MR. HAMILTON: Well, we didn't really discuss that in there in our settlement discussion.

MR. RIGNEY: No, we said --

MR. HAMILTON: The Court has the authority to authorize less than the four or less than the six to sign the deeds.

THE COURT: Well why don't get all the survey work and all that, and then maybe we can cross that bridge when we get to it.

MR. HAMILTON: Who's going to sign the deeds, yeah.

MR. NOTZON: Yeah, and there may not be a problem.

THE COURT: See if you can agree on all of the descriptions and then get a preliminary agreement on that. And then it shouldn't even matter who's going to sign on them, as long as everybody is in agreement.

MR. NOTZON: Okay. I think that's a good agreement, Judge.

THE COURT: Is that satisfactory to all parties? Mr. Hamilton, is that okay with you?

MR. HAMILTON: That's fine, Judge.

THE COURT: Counsel?

MR. NOTZON: That's fine.

MR. HAMILTON: The other thing that we needed to discuss was we need to get the house sold. And I think we've agreed that --

MR. NOTZON: I'm going to contact a realtor to get a proposal.

MR. HAMILTON: I forgot his name already.

THE COURT: Let me elicit his approval. You're okay with that as well, that we're going to get this survey done.

MR. RIGNEY: What Your Honor proposed.

THE COURT: When we get an agreement on all the legal descriptions, then we'll decide on who is going to be actually be signing the documents.

MR. RIGNEY: I'm okay with that at this time, Your Honor.

THE COURT: Okay. Go ahead. I'm sorry, Mr. Hamilton. Go ahead.

MR. HAMILTON: A realtor here or in McAllen is going to contact Mr. Notzon. What's his name?

THE COURT: Which house is this that is going to be sold?

MR. POPE: Michael Ramey.

THE COURT: Which house is this that is going to be sold?

MR. HAMILTON: Mrs. Gutierrez', the

Testator.

THE COURT: Oh, the one by the highway?

MR. HAMILTON: Yeah, it needs to be sold to stop the taxes and the upkeep and everything on it. And Mr. Ramey --

THE COURT: No one is in the house at current?

MR. HAMILTON: No, sir.

THE COURT: No one is occupying the house?

MR. NOTZON: No one is occupying it.

THE COURT: Mr. Ramey, he's a recognized realtor in the area. Is there any problem with Mr. Ramey?

MR. HAMILTON: He's going to use --

MR. NOTZON: I think, just so it's clear for the beneficiaries, this is solely to get a proposal from Mr. Ramey --

MR. HAMILTON: To get a value.

MR. NOTZON: -- What he believes the value is, then that would have to be --

MR. HAMILTON: Right. Agreed to.

MR. NOTZON: -- agreed to by the executors.

MR. RIGNEY: Any my client is --

MR. NOTZON: Whether someone wants to keep it or --

THE COURT: He's not an appraiser. He's

just a realtor.

MR. HAMILTON: He's just a realtor.

THE COURT: So you just want to get his opinion on that?

MR. NOTZON: Right, like a market analysis that they normally do.

MR. HAMILTON: Because there is no appraiser here, we understand, in Starr County that does real estate appraisals.

MR. RIGNEY: Your Honor, if --

THE COURT: There's some, but they're highly inaccurate, and it would be very unreasonable to find ad joiners and to get numbers that are going to get us a real idea. The tax rolls, I don't think, would be accurate as well, so. That's a good place, I guess, to start.

So there's no problem with Mr. Ramey, then, giving us a number and then we'll go from there?

MR. NOTZON: No.

MR. HAMILTON: No.

MR. RIGNEY: The only issue with my client is that anything having to do with that home is to be administered by the Independent Executors, not Mr. Hamilton. The Independent Executors to estate right now are in charge, and so they're the ones that want to make the decisions on that particular home.

MR. HAMILTON: I don't administer anything, Your Honor.

THE COURT: All we're trying to do is -- apparently there's been an effort to sell the house, and that effort should start with Mr. Ramey giving you a number as to what he thinks its worth. After that, there's nothing to bind anybody to do anything.

MR. NOTZON: Exactly. It's not binding them.

MR. RIGNEY: Right.

THE COURT: Except if they number they like and they want to engage him to try to sell it --

MR. NOTZON: Exactly.

THE COURT: -- then you all agree, then we'll go over and start doing that.

MR. NOTZON: We'll cross that bridge once we get the proposal.

THE COURT: Nothing else is going to occur.

MR. RIGNEY: Absolutely. I just -- my client just wanted it to be clear on the record that that's something for the Independent Executors to --

THE COURT: You have no problem with Mr. Ramey being contacted to give that number?

MR. RIGNEY: Well, the only issue I have is that, like I said, the Independent Executors will make a

decision as to contacting -- I guess we'll take the initiative as to contact Mr. Ramey and his qualifications. So, at this point --

THE COURT: There's no agreement on that then?

MR. HAMILTON: I don't care if they contact Mr. Ramey.

MR. RIGNEY: Yeah.

THE COURT: Okay, what else -- what else do we need to talk about then?

MR. RIGNEY: Um, the only other issue, actually, that my client is quite adamant about, Judge, is that, tentatively, the proposal has been for there to be an accounting done of the last --

THE COURT: Okay, let's do a little time out here. I was told I was listening to an agreement. If we don't have an agreement, then I've got to hear Motions and go from there.

MR. NOTZON: This is the last point, Judge.

MR. RIGNEY: This is the last point.

THE COURT: If you all don't have an agreement, then there's nothing for me to be listening to.

MR. NOTZON: Yeah, this is the last point.

THE RIGNEY: I thought --

THE COURT: If it's a contentious point,

then we don't have an agreement.

MR. NOTZON: I don't think it's very contentious.

MR. RIGNEY: It's pretty bad.

THE COURT: Then we don't have an agreement then.

MR. NOTZON: I think the only --

MR. RIGNEY: It's --

MR. NOTZON: Go ahead.

MR. RIGNEY: The issue, Your Honor, is that --

THE COURT: I'm going to postpone that discussion until after we get surveys and continue negotiating that. I've got a Plea to the Jurisdiction. I've got a Motion to Disqualify Attorneys. I've got his Motion to let two people sign the deeds.

MR. RIGNEY: Right.

THE COURT: I'm holding off on that because you say have an agreement. If you don't have an agreement, then I've got to go and start hearing these motions.

MR. RIGNEY: The only contention, Your Honor, if I may, just to please the Court? It's that Mr. Hamilton's position is, on the accounting, that my client should pay for it out of her own pocket. However, it is an accounting of the estate money. And so my client's

position is because it is an accounting of the estate money, the estate should pay for that accounting.

THE COURT: So in other words, there was an announcement that that was going to be paid by them individually?

MR. HAMILTON: Right.

THE COURT: And now you're saying that's not the agreement?

MR. RIGNEY: My understanding was they were going to hire him subject to review. If there is no discrepancies within the accounting, then I will speak to my client and say, "Look, because there were no discrepancies, there's no problems, it was sort of a needless accounting. You should pay for it individually." However, it's subject to the review. If there is discrepancies within the accounting, then I believe that the estate should pay for it. So that's kind of -- it's kind of up in the air.

MR. NOTZON: Whether or not there's discrepancies, all I'm saying, Judge, is this something that, you know, maybe we can cross that bridge or have the right to come back and have the estate pay for it. I mean, it is an estate matter. It's not individual matters. And, you know, I think we both made a lot of concession, but this is something that we've agreed to reimburse her the

three thousand dollars for her own personal survey that she did, so -- I mean, they --

THE COURT: Well, why don't we do this? Why don't we have this individual retained by them, personally, and then if he comes up with discrepancies that satisfy me that they were substantial enough, then I can order part or some or all of it to be reimbursed by the estate.

MR. HAMILTON: Sounds fair.

MR. NOTZON: I think -- and I think that sounds reasonable. I think the only thing is, since it's an estate matter, that they would like to have the right to request the Court to have --

THE COURT: Well the estate is already done, if they want to review, basically, what the estate has done?

MR. HAMILTON: Exactly.

THE COURT: And if they want to do that, they should pay for it. And if their review says, "Wow, this really bad work", then I can say, "Well, guess what, I'm going to pay you from the estate because the estate did a bad job on it."

MR. NOTZON: Well, that's the problem.

THE COURT: But I don't think I should make the estate pay for it unless that has been established.

MR. NOTZON: Well, we haven't -- that's the

problem, Judge. We haven't gotten an accounting. They can't point to anything in the file that says, "Judge, here's our accounting that we did. Here it is. Look at it. We think it's in order." There is none.

THE COURT: So what are they going to review then?

MR. NOTZON: They're going to review just bank statements, checks, things of that nature just to see, okay, there was hay. There was fences built. There was dozer work done.

THE COURT: They've provided some form of an accounting, haven't they?

MR. NOTZON: No. None.

MR. RIGNEY: If I may, Your Honor? What we're trying to look at is an equitable distribution of the estate funds. So there is talks about, like dozer work done on one ranch, and it only benefits that ranch. So, therefore, that particular portion of the dozer work that only benefitted one ranch should be disproportionally credited to the other ranch. If there was hay and feed purchased for animals, for the cows, we need to distribute that according to the ranches. So it's kind of just trying to do an equitable distribution rather that a prorated distribution, Judge.

MR HAMILTON: Your Honor, in July, Mr.

Notzon's wife came to our office and picked up for the years 2014, '15 and '16, bank statements, receipts and check registers. And they've had everything that we have since July. She writes on there that there are no cancelled checks. That's true because the bank stopped sending cancelled checks unless you wanted to pay for them. And we told them if they wanted to pay for them, we would get the canceled checks, but they declined that. So they have all of the accounting documents that we have for their person to look at.

THE COURT: If that person wants to review it and make any objections, they should pay for it. And if, then, there is some objections on, like you're saying about dozer work and stuff, I can deal with that and then decide how much to reimburse them from the estate.

MR. RIGNEY: Yes, Judge.

THE COURT: Is that satisfactory to the parties?

MR. HAMILTON: Satisfactory. Yes, sir.

MR. RIGNEY: Yes, Your Honor.

MR. NOTZON: Yes.

THE COURT: Okay, anything else that we need to talk about?

MR. HAMILTON: I don't think so.

THE COURT: Great. I want to thank you all

for your diligent efforts to conclude this estate, and, hopefully, an agreement can be reached after these surveys are done. And if not, then we'll expeditiously resolve this matter by proceedings here before the Court.

MR. RIGNEY: Thank you, Judge.

MR. HAMILTON: Thank you, Judge.

MR. NOTZON: Okay. Thank you, Judge.

THE COURT: Who'll prepare an Order of what we talked about today.

MR. HAMILTON: Okay.

MR. NOTZON: Yeah. There will -- I guess we may need the transcript. But, hopefully, once we get the survey, we'll provide it to them and they can let me know what they think needs to be corrected with the deeds.

THE COURT: So may assume, for now, that the Plea to the Jurisdiction is being withdrawn, or do I keep all these motions still pending.

MR. NOTZON: Well, if they're not withdrawing about the two executors, I think that will just -- those two will remain pending.

MR. RIGNEY: But the agreement was to withdraw it?

THE COURT: There's also a motion to disqualify an attorney. Is that --?

MR. HAMILTON: No, we're not going to

withdraw that yet till the Judge -- till we get all the surveys done.

MR. RIGNEY: I guess we have to leave them pending, including the Motion to Disqualify.

THE COURT: The Motion to Disqualify? Okay, no, that's fine. We'll leave all that pending. Hopefully, we can resolve these matters.

MR. NOTZON: Thank you, Judge.

MR. RIGNEY: Thank you, Judge. May I be excused?

MR. HAMILTON: Thank you.

MR. NOTZON: Have a nice day.

(End of Proceeding)

THE STATE OF TEXAS      §

COUNTY OF HIDALGO       §

I, Alma A. Garza, Official Court Reporter in and for the County Court At Law of Starr County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and of other proceedings requested in writing by Counsel for the parties to be included in this volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflect the exhibits, if any admitted by the respective parties.

I further certify that the cost for this Reporter's Record is $96.00 and will be paid by the Hon. Marcel C. Notzon and $96.00 will be paid by Hon. Carl Hamilton.

WITNESS BY OFFICIAL HAND this the 30th of November, 2016.

_____
ALMA A. GARZA, TEXAS C.S.R. 3053
Expiration Date 12/31/17
401 N. Britton Ave., Room 305
Rio Grande City, Texas   78582
Court: (956)487-8502
Mobile: (956)821-9025



TAB 3

OF THE RECORD

CAUSE NO. <u>PR-06-004</u>

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| IGNACIA G. GUTIERREZ, | § | OF |
| | § | |
| DECEASED | § | STARR COUNTY, TEXAS |

## <u>MOTION TO CLARIFY OR AMEND ORDER</u>

TO THE HONORABLE JUDGE OF SAID COURT:

MARIA DEL ROSARIO G. POPE and MARIA IRIS G. TREVIÑO, two of the Executors of the Estate of Ignacia G. Gutierrez, file this **Motion to Clarify or Amend Order**, and say:

1.      On May 22, 2017, the Court signed an order denying Maria Cecilia G. Martinez's Plea to the Jurisdiction ("Order").  That order states that "the administration of the Estate will be treated as dependent administration."  A copy of that order is attached as "Exhibit A" for the Court's convenience.

2.      At the time the Court signed its Order, the Court had several motions pending before it which the Court had jurisdiction to consider under the Estates Code. Martinez's plea to the jurisdiction nonetheless argued that this Court lacked jurisdiction to take further steps in this probate administration.  Pope and Trevino argued that the Court has jurisdiction.

3.      Pope and Trevino thus understood the Order's "treated as dependent" language to mean that the Court it intended to hear the other motions before it and decide for itself whether it can and should grant the relief requested.  Martinez, however, construed the Order's language to mean that the Court was converting the administration from independent to dependent.  Martinez filed a petition for writ of mandamus largely

<span style="color:blue">036</span>

based on her interpretation of the Order, and the San Antonio Court of Appeals dismissed her mandamus petition for want of jurisdiction in case number 04-17-00333-CV. It is possible, however, that Martinez can attempt to re-file the same mandamus complaint.

4. To avoid further costs and delays, Pope and Trevino respectfully ask the Court to clarify that it did not intend to convert the administration from independent to dependent. This could be accomplished by a separate order or by signing the attached proposed amended order, which denies Martinez's plea to the jurisdiction but does not include the "treated as dependent administration" language.

WHEREFORE, PREMISES CONSIDERED, Maria Del Rosario G. Pope and Maria Iris G. Trevino pray that the Court grant this Motion to Clarify or Amend Order and that the Court remove the "treated as dependent" language from its May 22, 2017 order. Pope and Trevino also request such other and further relief to which they may be justly entitled.

Respectfully submitted,

ATLAS, HALL & RODRIGUEZ, LLP
P. O. Drawer 3725 (78502)
818 West Pecan Boulevard
McAllen, Texas 78501
(956) 682-5501
(956) 686-6109 – Facsimile
E-Mail: och@atlashall.com

By: _____
O.C. Hamilton, Jr.
Texas State Bar No. 08847000

*Attorney for Maria Iris G. Treviño and Maria Del Rosario G. Pope*

Motion to Amend or Clarify Order – Page 2

## CERTIFICATE OF SERVICE

I hereby certify that on I have served a true and correct copy of the above and foregoing document on the parties or their attorneys of record through the electronic filing manager and in accordance with Rule 21a of the Texas Rules of Civil Procedure on the 3rd day of January, 2018.

Marcel C. Notzon, III
The Notzon Law Firm
Northtown Professional Plaza
6999 McPherson, Suite 325
Laredo, Texas 78041
Email: mcn@notzonlawfirm.com

Keith C. Livesay
Livesay Law Office
Brazos Suites No. 9
517 West Nolana
McAllen, Texas 78504
Email: RGVAppellateLaw@yandex.com

Dalinda B. Garcia
Law Office of Dalinda B. Garcia, P.C.
4847 S. Jackson Rd., Suite E
Edinburg, Texas 78539
Email: dalindabgarcialawoffice@yahoo.com

_____
O.C. Hamilton, Jr.

Cause No. PR-06-004

| | | |
|---|---|---|
| In Re: Estate of | § | In the County Court |
| | § | |
| Ignacia Gutierrez | § | of |
| | § | |
| Deceased | § | Starr County, Texas |

## ORDER DENYING
## PLEA TO JURISDICTION

Came on to be heard Cecilia Martinez's Plea to the Jurisdiction, and the Court, having considered the motion, any response thereto, along with the arguments and authorities of counsel, finds that such motion is not well taken; and accordingly, it is hereby

**ORDERED** that the administration of the Estate will be treated as dependent administration.

Signed and Entered on this the _22_ day of April, 2017.

_____
JUDGE PRESIDING

cc:   Ricardo Ramos, raramoslaw@gmail.com
      John Pope, III, popeandpopelawfirm@gmail.com
      John Rigney, rigneylaw@aol.com
      Marcel Notzon, mcn@notzonlawfirm.com
      O.C. Hamilton, och@atlashall.com
      Dalinda B. Garcia, dalindabgarcialawoffice@yahoo.com
      Keith C. Livesay, RGVAppellateLaw@yandex.com

**EXHIBIT**
tabbies'
A

039

CAUSE NO. PR-06-004

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| IGNACIA G. GUTIERREZ, | § | OF |
| | § | |
| DECEASED | § | STARR COUNTY, TEXAS |

## ORDER SETTING HEARING

Maria Del Rosario G. Pope and Maria Iris G. Treviño's Motion to Clarify or Amend Order having come to the Court's attention and the Court being of the opinion that the same should be set for hearing, it is therefore

ORDERED by the Court that the same be set for hearing on the _____ day of

_____, 2018, at _____ o'clock, ____.m.

SIGNED this the _____ day of _____, 2018.

_____
JUDGE PRESIDING

cc:   O.C. Hamilton Jr., Atlas, Hall & Rodriguez, LLP, 818 W. Pecan Blvd, P.O. Box 3725 (78502-3725), McAllen, Texas 78501 – Email: och@atlashall.com

Marcel C. Notzon, III, The Notzon Law Firm, Northtown Professional Plaza, 6999 McPherson, Suite 325, Laredo, Texas 78041 – Email: mcn@notzonlawfirm.com

Keith C. Livesay, Livesay Law Office, Brazos Suites No. 9, 517 West Nolana, McAllen, Texas 78504 – Email: RGVAppellateLaw@yandex.com

Dalinda B. Garcia, Law Office of Dalinda B. Garcia, P.C., 4847 S. Jackson Rd., Suite E, Edinburg, Texas 78539 – Email: dalindabgarcialawoffice@yahoo.com

CAUSE NO. PR-06-004

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| IGNACIA G. GUTIERREZ, | § | OF |
| | § | |
| DECEASED | § | STARR COUNTY, TEXAS |

## AMENDED ORDER DENYING PLEA TO THE JURISDICTION

Came on to be heard Cecilia Martinez's Plea to the Jurisdiction, and the Court, having considered the motion, any response thereto, along with the arguments and authorities of counsel, finds that such plea is not well taken; and accordingly, it is hereby DENIED.

This Order amends and replaces the Court's Order Denying Plea to Jurisdiction signed on or about May 22, 2017.

SIGNED this _____ day of _____, 2018.


_____
JUDGE PRESIDING


cc:   O.C. Hamilton Jr., Atlas, Hall & Rodriguez, LLP, 818 W. Pecan Blvd, P.O. Box 3725 (78502-3725), McAllen, Texas 78501 – Email: och@atlashall.com

Marcel C. Notzon, III, The Notzon Law Firm, Northtown Professional Plaza, 6999 McPherson, Suite 325, Laredo, Texas 78041 – Email: mcn@notzonlawfirm.com

Keith C. Livesay, Livesay Law Office, Brazos Suites No. 9, 517 West Nolana, McAllen, Texas 78504 – Email: RGVAppellateLaw@yandex.com

Dalinda B. Garcia, Law Office of Dalinda B. Garcia, P.C., 4847 S. Jackson Rd., Suite E, Edinburg, Texas 78539 – Email: dalindabgarcialawoffice@yahoo.com



TAB 4

OF THE RECORD

CAUSE NO. PR-06-004

| IN THE ESTATE OF | § | IN THE COUNTY COURT |
|---|---|---|
| | § | |
| | § | |
| IGNACIA G. GUTIERREZ, | § | OF |
| | § | |
| | § | |
| DECEASED | § | STARR COUNTY, TEXAS |

**MARIA CECILIA MARTINEZ' RESPONSE TO
MOTION TO CLARIFY OR AMEND ORDER**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, MARIA CECILIA MARTINEZ, Independent Co-Executor of this Will, by and through her attorneys of record and respectfully submits this Response To Motion To Clarify or Amend Order and in support show the Court the following:

This Court is without authority to take further steps in the Administration of this Estate.

Decedent, Ignacia G. Gutierrez left a Will which clearly made her Estate an Independent Administration by providing for Estate decisions to be made by a majority of four of her six children. The terms are clearly identified in her Will and reaffirmed in the Family Settlement Contract. *See Exhibit "1*," copies of the Family Settlement Contract, incorporated by reference as if fully copied.

Maria Del Rosario G. Pope and Maria Iris G. Trevino have repeatedly violated the terms of the Will and the Family Settlement Contract and have refuse to provide information relating to the Estate to the other Co-Executors.

In his Motion to Clarify or Amend Order, on page 1, Paragraph 3, O. C. Hamilton speaks on behalf of Maria Cecilia Martinez. O. C. Hamilton has no authority to speak on behalf of Maria Cecilia Martinez regarding her interpretation of the Order signed on May 22, 2017.

Maria Cecilia Martinez prays that her Plea to the jurisdiction be granted and that this Court refrain from taking further steps in the administration of the Estate.

WHEREFORE, PREMISES CONSIDERED, Maria Cecilia Martinez further prays that said Motion To Clarify or Amend Order be set for a hearing for argument of counsel and for all other further and relief, either at law or in equity to which Maria Cecilia Martinez shows herself justly entitled.

Respectfully submitted,

**LAW OFFICE OF DALINDA B. GARCIA, P.C.**
4847 S. Jackson Rd., Suite E
Edinburg, Texas 78539
(956) 682-3777
(956) 682-5277 (Fax)
**dalindabgarcialawoffice@yahoo.com**

By: */s/ Dalinda B. Garcia*
    DALINDA B. GARCIA
    State Bar No. 16436392

**LIVESAY LAW OFFICE**
BRAZOS SUITES NO. 9
517 West Nolana
McAllen, Texas 78504
(956) 928-0149
**RGVApplellateLaw@yandex.com**
State Bar No. 24067619

ATTORNEYS FOR MARIA CECILIA MARTINEZ

## CERTIFICATE OF SERVICE

I, DALINDA B. GARCIA, do hereby certify that on the 4<u>th</u> day of <u>January</u>, 2018 true and correct copies of the above and foregoing Maria Cecilia Martinez' Response To Motion To Clarify or Amend Order was served on each attorney of record in accordance with the Texas Rules of Civil Procedure.

O.C. Hamilton, Jr.
**Atlas, Hall & Rodriguez, LLP**
818 West Pecan Blvd.
McAllen, Texas 78501
**och@atlashall.com**
(956) 682-5501
(956) 686-6109 (Fax)

Marcel C. Notzon, III
**THE NOTZON LAW FIRM**
6999 McPherson Rd., Suite 325
Laredo, Texas 78041
**mcn@notzonlawfirm.com**
(956) 717-1961
(956) 717-2789 (Fax)

*/s/ Dalinda B. Garcia*
DALINDA B. GARCIA

STATE OF TEXAS §
§
COUNTY OF STARR § FAMILY SETTLEMENT CONTRACT

The following are named as Independent Co-Executors of the Estate of IGNACIA G. GUTIERREZ, as follows: CELESTE G. NARRO, ROSARIO G. POPE, JOSE IGNACIO GUTIERREZ, MINERVA G. GUERRA, CECILIA G. MARTINEZ, and MARIA IRIS G. TREVINO.

The parties all agree they wish to be named as the joint executors for their mother's estate. The agree, however, that any significant decisions involving more than $1,000.00 will be taken by a majority of the six, instead of any individual executors. These decisions will be made after they know what the consequences of those decisions will be.

For purposes of keeping everyone informed, the Executors agree that they will meet, by telephone or otherwise, at least every thirty (30) days to consider matters having to do with the Estate, particularly with respect to the filing of the Estate Tax Return which is due on or before October 4th of 2006.

This contract contains the entire agreement between the parties with respect to the appointment of executors for the Estate of their mother.

_Celeste G. Narro_____                    _____
CELESTE G. NARRO                                   ROSARIO G. POPE


_____                    _____
JOSE IGNACIO GUTIERREZ                              MINERVA G. GUERRA


_____                    _____
CECILIA G. MARTINEZ                                MARIA IRIS G. TREVINO

Exhibit "I" 046

STATE OF TEXAS       §
COUNTY OF STARR       §

        SWORN TO AND SUBSCRIBED BEFORE ME on this *24th* day of *January*
2006 by **CELESTE G. NARRO**.

> MA BELEN RODRIGUEZ
> MY COMMISSION EXPIRES
> February 2, 2008

*Ma Belen Rodriguez*
NOTARY PUBLIC, State of Texas

STATE OF TEXAS       §
COUNTY OF STARR       §

        SWORN TO AND SUBSCRIBED BEFORE ME on this _____ day of _____,
2006 by **ROSARIO G. POPE**.

_____
NOTARY PUBLIC, State of Texas

STATE OF TEXAS       §
COUNTY OF STARR       §

        SWORN TO AND SUBSCRIBED BEFORE ME on this _____ day of _____,
2006 by **JOSE IGNACIO GUTIERREZ**.

_____
NOTARY PUBLIC, State of Texas

STATE OF TEXAS       §
COUNTY OF STARR       §

        SWORN TO AND SUBSCRIBED BEFORE ME on this _____ day of _____,
2006 by **MINERVA G. GUERRA**.

_____
NOTARY PUBLIC, State of Texas

047

STATE OF TEXAS §
COUNTY OF STARR §

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ day of _____, 2006 by **CECILIA G. MARTINEZ**.

_____
NOTARY PUBLIC, State of Texas

STATE OF TEXAS §
COUNTY OF STARR §

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ day of _____, 2006 by **MARIA IRIS G. TREVINO**.

_____
NOTARY PUBLIC, State of Texas

3

048

STATE OF TEXAS §
§
COUNTY OF STARR §

The following are named as the Independent Co-Executors of the Will of Ignacia G. Gutierrez and they agree in connection with that as follows:

1. The Will says that four of the six persons will serve, but they have agreed that they prefer to have all six of the persons who are named as the Executors serve.

2. This writing is for the purpose of informing the Probate Court of Starr County that all six of them wish to serve and that all are qualified to serve as Independent Co-Executors of that estate.

_Celeste G. Narro_
_____
**CELESTE G. NARRO**

_____
**ROSARIO G. POPE**

_____
**JOSE IGNACIO GUTIERREZ**

_____
**MINERVA G. GUERRA**

_____
**CECILIA G. MARTINEZ**

_____
**MARIA IRIS G. TREVINO**

STATE OF TEXAS §
COUNTY OF STARR §

SWORN TO AND SUBSCRIBED BEFORE ME on this 24th day of January, 2006 by **CELESTE G. NARRO**.

MA BELEN RODRIGUEZ
MY COMMISSION EXPIRES
February 2, 2008

_Ma Belen Rodrigz_
NOTARY PUBLIC, State of Texas

STATE OF TEXAS §
COUNTY OF STARR §

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ day of _____, 2006 by **ROSARIO G. POPE**.

_____
NOTARY PUBLIC, State of Texas

1

049

STATE OF TEXAS           §

                         §        FAMILY SETTLEMENT CONTRACT

COUNTY OF STARR          §

The following are named as Independent Co-Executors of the Estate of **IGNACIA G. GUTIERREZ**, as follows: **CELESTE G. NARRO, ROSARIO G. POPE, JOSE IGNACIO GUTIERREZ, MINERVA G. GUERRA, CECILIA G. MARTINEZ, and MARIA IRIS G. TREVINO.**

The parties all agree they wish to be named as the joint executors for their mother's estate. The agree, however, that any significant decisions involving more than $1,000.00 will be taken by a majority of the six, instead of any individual executors. These decisions will be made after they know what the consequences of those decisions will be.

For purposes of keeping everyone informed, the Executors agree that they will meet, by telephone or otherwise, at least every thirty (30) days to consider matters having to do with the Estate, particularly with respect to the filing of the Estate Tax Return which is due on or before October 4th of 2006.

This contract contains the entire agreement between the parties with respect to the appointment of executors for the Estate of their mother.

_____          *Rosario G. Pope*
CELESTE G. NARRO                          ROSARIO G. POPE


_____          _____
JOSE IGNACIO GUTIERREZ                    MINERVA G. GUERRA


_____          _____
CECILIA G. MARTINEZ                       MARIA IRIS G. TREVINO


1

STATE OF TEXAS §
COUNTY OF STARR §

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ day of _____, 2006 by **CELESTE G. NARRO**.

_____
NOTARY PUBLIC, State of Texas


STATE OF TEXAS §
COUNTY OF STARR §

SWORN TO AND SUBSCRIBED BEFORE ME on this 23rd day of January 2006 by **ROSARIO G. POPE**.

CYNTHIA OLIVAREZ
Notary Public
State of Texas
My Commission Expires
March 29, 2009

_____
NOTARY PUBLIC, State of Texas


STATE OF TEXAS §
COUNTY OF STARR §

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ day of _____, 2006 by **JOSE IGNACIO GUTIERREZ**.

_____
NOTARY PUBLIC, State of Texas


STATE OF TEXAS §
COUNTY OF STARR §

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ day of _____, 2006 by **MINERVA G. GUERRA**.

_____
NOTARY PUBLIC, State of Texas

2

051

STATE OF TEXAS             §
COUNTY OF STARR            §

    SWORN TO AND SUBSCRIBED BEFORE ME on this _____ day of _____, 2006 by **CECILIA G. MARTINEZ**.

                                     _____
                                     NOTARY PUBLIC, State of Texas


STATE OF TEXAS             §
COUNTY OF STARR            §

    SWORN TO AND SUBSCRIBED BEFORE ME on this _____ day of _____, 2006 by **MARIA IRIS G. TREVINO**.

                                     _____
                                     NOTARY PUBLIC, State of Texas

3

052

STATE OF TEXAS        §
                      §
COUNTY OF STARR       §

The following are named as the Independent Co-Executors of the Will of Ignacia G.

Gutierrez and they agree in connection with that as follows:

1.    The Will says that four of the six persons will serve, but they have agreed that

they prefer to have all six of the persons who are named as the Executors serve.

2.    This writing is for the purpose of informing the Probate Court of Starr County that

all six of them wish to serve and that all are qualified to serve as Independent Co-Executors of

that estate.

_____          *Rosario G. Pope*
**CELESTE G. NARRO**                      **ROSARIO G. POPE**


_____          _____
**JOSE IGNACIO GUTIERREZ**                **MINERVA G. GUERRA**


_____          _____
**CECILIA G. MARTINEZ**                   **MARIA IRIS G. TREVINO**


STATE OF TEXAS        §
COUNTY OF STARR       §

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ day of _____,
2006 by **CELESTE G. NARRO**.


_____
NOTARY PUBLIC, State of Texas


STATE OF TEXAS        §
COUNTY OF STARR       §

SWORN TO AND SUBSCRIBED BEFORE ME on this 23rd day of January,
2006 by **ROSARIO G. POPE**.

*Cynthia Olivarez*
_____
NOTARY PUBLIC, State of Texas

CYNTHIA OLIVAREZ
Notary Public
State of Texas
My Commission Expires
March 29, 2009

1

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF STARR | § |

**FAMILY SETTLEMENT CONTRACT**

The following are named as Independent Co-Executors of the Estate of **IGNACIA G. GUTIERREZ**, as follows: **CELESTE G. NARRO, ROSARIO G. POPE, JOSE IGNACIO GUTIERREZ, MINERVA G. GUERRA, CECILIA G. MARTINEZ, and MARIA IRIS G. TREVINO.**

The parties all agree they wish to be named as the joint executors for their mother's estate. The agree, however, that any significant decisions involving more than $1,000.00 will be taken by a majority of the six, instead of any individual executors. These decisions will be made after they know what the consequences of those decisions will be.

For purposes of keeping everyone informed, the Executors agree that they will meet, by telephone or otherwise, at least every thirty (30) days to consider matters having to do with the Estate, particularly with respect to the filing of the Estate Tax Return which is due on or before October 4th of 2006.

This contract contains the entire agreement between the parties with respect to the appointment of executors for the Estate of their mother.


_____
CELESTE G. NARRO

_____
JOSE IGNACIO GUTIERREZ


_____
ROSARIO G. POPE

_____
MINERVA G. GUERRA


_____
CECILIA G. MARTINEZ

_____
MARIA IRIS G. TREVINO


1

STATE OF TEXAS §
COUNTY OF STARR §

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ day of _____, 2006 by **CELESTE G. NARRO**.

_____
NOTARY PUBLIC, State of Texas


STATE OF TEXAS §
COUNTY OF STARR §

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ day of _____, 2006 by **ROSARIO G. POPE**.

_____
NOTARY PUBLIC, State of Texas


STATE OF TEXAS §
COUNTY OF STARR §

SWORN TO AND SUBSCRIBED BEFORE ME on this 26 day of January 2006 by **JOSE IGNACIO GUTIERREZ**.

ANTHONY DEGOLLADO
Notary Public
State of Texas
My Commission Expires
August 31, 2008

_____
NOTARY PUBLIC, State of Texas


STATE OF TEXAS §
COUNTY OF STARR §

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ day of _____, 2006 by **MINERVA G. GUERRA**.

_____
NOTARY PUBLIC, State of Texas

2

055

STATE OF TEXAS §
COUNTY OF STARR §

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ day of _____, 2006 by **CECILIA G. MARTINEZ**.

_____
NOTARY PUBLIC, State of Texas


STATE OF TEXAS §
COUNTY OF STARR §

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ day of _____, 2006 by **MARIA IRIS G. TREVINO**.

_____
NOTARY PUBLIC, State of Texas

3

056

STATE OF TEXAS §
§
COUNTY OF STARR §

The following are named as the Independent Co-Executors of the Will of Ignacia G. Gutierrez and they agree in connection with that as follows:

1. The Will says that four of the six persons will serve, but they have agreed that they prefer to have all six of the persons who are named as the Executors serve.

2. This writing is for the purpose of informing the Probate Court of Starr County that all six of them wish to serve and that all are qualified to serve as Independent Co-Executors of that estate.

_____
CELESTE G. NARRO

_____
JOSE IGNACIO GUTIERREZ

_____
CECILIA G. MARTINEZ

_____
ROSARIO G. POPE

_____
MINERVA G. GUERRA

_____
MARIA IRIS G. TREVINO

STATE OF TEXAS §
COUNTY OF STARR §

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ day of _____, 2006 by CELESTE G. NARRO.

_____
NOTARY PUBLIC, State of Texas

STATE OF TEXAS §
COUNTY OF STARR §

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ day of _____, 2006 by ROSARIO G. POPE.

_____
NOTARY PUBLIC, State of Texas

1

STATE OF TEXAS §
COUNTY OF STARR §

SWORN TO AND SUBSCRIBED BEFORE ME on this 26 day of January 2006 by **JOSE IGNACIO GUTIERREZ**.

ANTHONY DEGOLLADO
Notary Public
State of Texas
My Commission Expires
August 31, 2008

*Anthony Degollado*
NOTARY PUBLIC, State of Texas

STATE OF TEXAS §
COUNTY OF STARR §

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ day of _____, 2006 by **MINERVA G. GUERRA**.

_____
NOTARY PUBLIC, State of Texas

STATE OF TEXAS §
COUNTY OF STARR §

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ day of _____, 2006 by **CECILIA G. MARTINEZ**.

_____
NOTARY PUBLIC, State of Texas

STATE OF TEXAS §
COUNTY OF STARR §

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ day of _____, 2006 by **MARIA IRIS G. TREVINO**.

_____
NOTARY PUBLIC, State of Texas

2

058

STATE OF TEXAS § 

COUNTY OF STARR §        FAMILY SETTLEMENT CONTRACT

§

The following are named as Independent Co-Executors of the Estate of **IGNACIA G. GUTIERREZ**, as follows: **CELESTE G. NARRO, ROSARIO G. POPE, JOSE IGNACIO GUTIERREZ, MINERVA G. GUERRA, CECILIA G. MARTINEZ, and MARIA IRIS G. TREVINO.**

The parties all agree they wish to be named as the joint executors for their mother's estate. The agree, however, that any significant decisions involving more than $1,000.00 will be taken by a majority of the six, instead of any individual executors. These decisions will be made after they know what the consequences of those decisions will be.

For purposes of keeping everyone informed, the Executors agree that they will meet, by telephone or otherwise, at least every thirty (30) days to consider matters having to do with the Estate, particularly with respect to the filing of the Estate Tax Return which is due on or before October 4th of 2006.

This contract contains the entire agreement between the parties with respect to the appointment of executors for the Estate of their mother.

_____
**CELESTE G. NARRO**

_____
**ROSARIO G. POPE**

_____
**JOSE IGNACIO GUTIERREZ**

*Minerva G. Guerra*
**MINERVA G. GUERRA**

_____
**CECILIA G. MARTINEZ**

_____
**MARIA IRIS G. TREVINO**

1



059

STATE OF TEXAS      §
COUNTY OF STARR      §

       SWORN TO AND SUBSCRIBED BEFORE ME on this _____ day of _____, 2006 by **CELESTE G. NARRO**.

                                           _____
                                         NOTARY PUBLIC, State of Texas

STATE OF TEXAS      §
COUNTY OF STARR      §

       SWORN TO AND SUBSCRIBED BEFORE ME on this _____ day of _____, 2006 by **ROSARIO G. POPE**.

                                           _____
                                         NOTARY PUBLIC, State of Texas

STATE OF TEXAS      §
COUNTY OF STARR      §

       SWORN TO AND SUBSCRIBED BEFORE ME on this _____ day of _____, 2006 by **JOSE IGNACIO GUTIERREZ**.

                                           _____
                                         NOTARY PUBLIC, State of Texas

STATE OF TEXAS      §
COUNTY OF STARR      §

       SWORN TO AND SUBSCRIBED BEFORE ME on this 24 day of January, 2006 by **MINERVA G. GUERRA**.

                                 *Blaine T Laubach*
                                         NOTARY PUBLIC, State of Texas

BLAINE T LAUBACH
My Commission Expires
July 29, 2009

BLAINE T
My Comm
July 2

2

STATE OF TEXAS                    §
COUNTY OF STARR                   §

      SWORN TO AND SUBSCRIBED BEFORE ME on this _____ day of _____, 2006 by **CECILIA G. MARTINEZ**.

                        _____
                        NOTARY PUBLIC, State of Texas


STATE OF TEXAS                    §
COUNTY OF STARR                   §

      SWORN TO AND SUBSCRIBED BEFORE ME on this _____ day of _____, 2006 by **MARIA IRIS G. TREVINO**.

                        _____
                        NOTARY PUBLIC, State of Texas

3

061

STATE OF TEXAS §
§
COUNTY OF STARR §

The following are named as the Independent Co-Executors of the Will of Ignacia G. Gutierrez and they agree in connection with that as follows:

1.      The Will says that four of the six persons will serve, but they have agreed that they prefer to have all six of the persons who are named as the Executors serve.

2.      This writing is for the purpose of informing the Probate Court of Starr County that all six of them wish to serve and that all are qualified to serve as Independent Co-Executors of that estate.

_____
**CELESTE G. NARRO**

_____
**JOSE IGNACIO GUTIERREZ**

_____
**CECILIA G. MARTINEZ**

_____
**ROSARIO G. POPE**

_____
**MINERVA G. GUERRA**

_____
**MARIA IRIS G. TREVINO**

STATE OF TEXAS §
COUNTY OF STARR §

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ day of _____, 2006 by **CELESTE G. NARRO**.

_____
NOTARY PUBLIC, State of Texas

STATE OF TEXAS §
COUNTY OF STARR §

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ day of _____, 2006 by **ROSARIO G. POPE**.

_____
NOTARY PUBLIC, State of Texas

1

062

STATE OF TEXAS            §
COUNTY OF STARR           §

     SWORN TO AND SUBSCRIBED BEFORE ME on this _____ day of _____,
2006 by **JOSE IGNACIO GUTIERREZ**.

                                      _____
                                        NOTARY PUBLIC, State of Texas

STATE OF TEXAS            §
COUNTY OF STARR           §

     SWORN TO AND SUBSCRIBED BEFORE ME on this 24 day of January
2006 by MINERVA G. GUERRA.

BLAINE T LAUBACH
My Commission Expires
July 29, 2009

                        *Blaine T Laubach*
                                        NOTARY PUBLIC, State of Texas

STATE OF TEXAS            §
COUNTY OF STARR           §

     SWORN TO AND SUBSCRIBED BEFORE ME on this _____ day of _____
2006 by **CECILIA G. MARTINEZ**.

...E T LAUBACH
...mission Expires
...ly 29, 2009

                                        _____
                                        NOTARY PUBLIC, State of Texas

STATE OF TEXAS            §
COUNTY OF STARR           §

     SWORN TO AND SUBSCRIBED BEFORE ME on this _____ day of _____,
2006 by **MARIA IRIS G. TREVINO**.

                                        _____
                                        NOTARY PUBLIC, State of Texas

2

063

STATE OF TEXAS          §

                        §          FAMILY SETTLEMENT CONTRACT

COUNTY OF STARR         §

The following are named as Independent Co-Executors of the Estate of **IGNACIA G. GUTIERREZ**, as follows: **CELESTE G. NARRO, ROSARIO G. POPE, JOSE IGNACIO GUTIERREZ, MINERVA G. GUERRA, CECILIA G. MARTINEZ, and MARIA IRIS G. TREVINO.**

The parties all agree they wish to be named as the joint executors for their mother's estate. The agree, however, that any significant decisions involving more than $1,000.00 will be taken by a majority of the six, instead of any individual executors. These decisions will be made after they know what the consequences of those decisions will be.

For purposes of keeping everyone informed, the Executors agree that they will meet, by telephone or otherwise, at least every thirty (30) days to consider matters having to do with the Estate, particularly with respect to the filing of the Estate Tax Return which is due on or before October 4th of 2006.

This contract contains the entire agreement between the parties with respect to the appointment of executors for the Estate of their mother.

_____          _____

**CELESTE G. NARRO**          **ROSARIO G. POPE**

_____          _____

**JOSE IGNACIO GUTIERREZ**          **MINERVA G. GUERRA**

_____          _____

**CECILIA G. MARTINEZ**          **MARIA IRIS G. TREVINO**

1

064

STATE OF TEXAS §
COUNTY OF STARR §

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ day of _____, 2006 by **CELESTE G. NARRO**.

_____
NOTARY PUBLIC, State of Texas

STATE OF TEXAS §
COUNTY OF STARR §

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ day of _____, 2006 by **ROSARIO G. POPE**.

_____
NOTARY PUBLIC, State of Texas

STATE OF TEXAS §
COUNTY OF STARR §

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ day of _____, 2006 by **JOSE IGNACIO GUTIERREZ**.

_____
NOTARY PUBLIC, State of Texas

STATE OF TEXAS §
COUNTY OF STARR §

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ day of _____, 2006 by **MINERVA G. GUERRA**.

_____
NOTARY PUBLIC, State of Texas

2

065

STATE OF TEXAS §
COUNTY OF STARR §

SWORN TO AND SUBSCRIBED BEFORE ME on this 26th day of Jan ,
2006 by **CECILIA G. MARTINEZ.**

PATRICIA RANGEL
Notary Public, State of Texas
My Commission Expires
09-27-2007

_Patricia Rangel_
NOTARY PUBLIC, State of Texas

STATE OF TEXAS §
COUNTY OF STARR §

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ day of _____,
2006 by **MARIA IRIS G. TREVINO.**

NOTARY PUBLIC, State of Texas

3

066

STATE OF TEXAS           §
                         §
COUNTY OF STARR          §

The following are named as the Independent Co-Executors of the Will of Ignacia G. Gutierrez and they agree in connection with that as follows:

1.     The Will says that four of the six persons will serve, but they have agreed that they prefer to have all six of the persons who are named as the Executors serve.

2.     This writing is for the purpose of informing the Probate Court of Starr County that all six of them wish to serve and that all are qualified to serve as Independent Co-Executors of that estate.

_____          _____
CELESTE G. NARRO                      ROSARIO G. POPE

_____          _____
JOSE IGNACIO GUTIERREZ                MINERVA G. GUERRA

*Cecilia G. Martinez*
_____          _____
CECILIA G. MARTINEZ                   MARIA IRIS G. TREVINO

STATE OF TEXAS           §
COUNTY OF STARR          §

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ day of _____, 2006 by CELESTE G. NARRO.

_____
NOTARY PUBLIC, State of Texas

STATE OF TEXAS           §
COUNTY OF STARR          §

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ day of _____, 2006 by ROSARIO G. POPE.

_____
NOTARY PUBLIC, State of Texas

1

067

STATE OF TEXAS       §  
COUNTY OF STARR     §

      SWORN TO AND SUBSCRIBED BEFORE ME on this _____ day of _____, 2006 by **JOSE IGNACIO GUTIERREZ**.

                                _____  
                                NOTARY PUBLIC, State of Texas


STATE OF TEXAS       §  
COUNTY OF STARR     §

      SWORN TO AND SUBSCRIBED BEFORE ME on this _____ day of _____, 2006 by **MINERVA G. GUERRA**.

                                _____  
                                NOTARY PUBLIC, State of Texas


STATE OF TEXAS       §  
COUNTY OF STARR     §

      SWORN TO AND SUBSCRIBED BEFORE ME on this 26 day of Jan _____, 2006 by **CECILIA G. MARTINEZ**.

PATRICIA RANGEL  
Notary Public, State of Texas  
My Commission Expires  
09-27-2007

                                _____  
                                NOTARY PUBLIC, State of Texas


STATE OF TEXAS       §  
COUNTY OF STARR     §

      SWORN TO AND SUBSCRIBED BEFORE ME on this _____ day of _____, 2006 by **MARIA IRIS G. TREVINO**.

                                _____  
                                NOTARY PUBLIC, State of Texas

2

068

| STATE OF TEXAS | § | |
|---|---|---|
| | § | FAMILY SETTLEMENT CONTRACT |
| COUNTY OF STARR | § | |

The following are named as Independent Co-Executors of the Estate of **IGNACIA G. GUTIERREZ**, as follows: **CELESTE G. NARRO, ROSARIO G. POPE, JOSE IGNACIO GUTIERREZ, MINERVA G. GUERRA, CECILIA G. MARTINEZ, and MARIA IRIS G. TREVINO.**

The parties all agree they wish to be named as the joint executors for their mother's estate. The agree, however, that any significant decisions involving more than $1,000.00 will be taken by a majority of the six, instead of any individual executors. These decisions will be made after they know what the consequences of those decisions will be.

For purposes of keeping everyone informed, the Executors agree that they will meet, by telephone or otherwise, at least every thirty (30) days to consider matters having to do with the Estate, particularly with respect to the filing of the Estate Tax Return which is due on or before October 4th of 2006.

This contract contains the entire agreement between the parties with respect to the appointment of executors for the Estate of their mother.

_____
**CELESTE G. NARRO**

_____
**ROSARIO G. POPE**

_____
**JOSE IGNACIO GUTIERREZ**

_____
**MINERVA G. GUERRA**

_____
**CECILIA G. MARTINEZ**

_~~Maria Iris G. Trevino~~_
**MARIA IRIS G. TREVINO**

1

069

STATE OF TEXAS §
COUNTY OF STARR §

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ day of _____, 2006 by **CELESTE G. NARRO**.

_____
NOTARY PUBLIC, State of Texas

STATE OF TEXAS §
COUNTY OF STARR §

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ day of _____, 2006 by **ROSARIO G. POPE**.

_____
NOTARY PUBLIC, State of Texas

STATE OF TEXAS §
COUNTY OF STARR §

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ day of _____, 2006 by **JOSE IGNACIO GUTIERREZ**.

_____
NOTARY PUBLIC, State of Texas

STATE OF TEXAS §
COUNTY OF STARR §

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ day of _____, 2006 by **MINERVA G. GUERRA**.

_____
NOTARY PUBLIC, State of Texas

2

070

STATE OF TEXAS §
COUNTY OF STARR §

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ day of _____, 2006 by **CECILIA G. MARTINEZ.**

_____
NOTARY PUBLIC, State of Texas

STATE OF TEXAS §
COUNTY OF STARR §

SWORN TO AND SUBSCRIBED BEFORE ME on this 23 day of January, 2006 by **MARIA IRIS G. TREVINO.**

*Mary Linda Thomison*
NOTARY PUBLIC, State of Texas

MARY LINDA THOMISON
Notary Public, State of Texas
My Commission Expires
10-29-2009

3

071

STATE OF TEXAS        §
                      §
COUNTY OF STARR       §

The following are named as the Independent Co-Executors of the Will of Ignacia G. Gutierrez and they agree in connection with that as follows:

1.     The Will says that four of the six persons will serve, but they have agreed that they prefer to have all six of the persons who are named as the Executors serve.

2.     This writing is for the purpose of informing the Probate Court of Starr County that all six of them wish to serve and that all are qualified to serve as Independent Co-Executors of that estate.

_____          _____
**CELESTE G. NARRO**                      **ROSARIO G. POPE**

_____          _____
**JOSE IGNACIO GUTIERREZ**                **MINERVA G. GUERRA**

_____          *Maria Iris G. Trevino*
**CECILIA G. MARTINEZ**                   **MARIA IRIS G. TREVINO**

STATE OF TEXAS        §
COUNTY OF STARR       §

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ day of _____, 2006 by **CELESTE G. NARRO**.

_____
NOTARY PUBLIC, State of Texas

STATE OF TEXAS        §
COUNTY OF STARR       §

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ day of _____, 2006 by **ROSARIO G. POPE**.

_____
NOTARY PUBLIC, State of Texas

1

072

STATE OF TEXAS §
COUNTY OF STARR §

     SWORN TO AND SUBSCRIBED BEFORE ME on this _____ day of _____, 2006 by **JOSE IGNACIO GUTIERREZ.**

                                    _____
                                      NOTARY PUBLIC, State of Texas

STATE OF TEXAS §
COUNTY OF STARR §

     SWORN TO AND SUBSCRIBED BEFORE ME on this _____ day of _____, 2006 by **MINERVA G. GUERRA.**

                                      _____
                                      NOTARY PUBLIC, State of Texas

STATE OF TEXAS §
COUNTY OF STARR §

     SWORN TO AND SUBSCRIBED BEFORE ME on this _____ day of _____, 2006 by **CECILIA G. MARTINEZ.**

                                      _____
                                      NOTARY PUBLIC, State of Texas

STATE OF TEXAS §
COUNTY OF STARR §

     SWORN TO AND SUBSCRIBED BEFORE ME on this _23_ day of _January_, 2006 by **MARIA IRIS G. TREVINO.**

                                      *Mary Linda Thomison*
                                      NOTARY PUBLIC, State of Texas

MARY LINDA THOMISON
Notary Public, State of Texas
My Commission Expires
10-29-2009

2

073



TAB 5

OF THE RECORD

CAUSE NO. PR-06-004

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| IGNACIA G. GUTIERREZ, | § | OF |
| | § | |
| DECEASED | § | STARR COUNTY, TEXAS |

## ORDER SETTING HEARING

Maria Del Rosario G. Pope and Maria Iris G. Treviño's Motion to Clarify or Amend Order having come to the Court's attention and the Court being of the opinion that the same should be set for hearing, it is therefore

ORDERED by the Court that the same be set for hearing on the ___9th___ day of ___January___, 2018, at ___09:00___ o'clock, __a__.m.

SIGNED this the ___4th___ day of ___January___, 2018.

_____
JUDGE PRESIDING

cc:  O.C. Hamilton Jr., Atlas, Hall & Rodriguez, LLP, 818 W. Pecan Blvd, P.O. Box 3725 (78502-3725), McAllen, Texas  78501 – Email: och@atlashall.com

Marcel C. Notzon, III, The Notzon Law Firm, Northtown Professional Plaza, 6999 McPherson, Suite 325, Laredo, Texas 78041 – Email: mcn@notzonlawfirm.com

Keith C. Livesay, Livesay Law Office, Brazos Suites No. 9, 517 West Nolana, McAllen, Texas 78504 – Email: RGVAppellateLaw@yandex.com

Dalinda B. Garcia, Law Office of Dalinda B. Garcia, P.C., 4847 S. Jackson Rd., Suite E, Edinburg, Texas 78539 – Email: dalindabgarcialawoffice@yahoo.com

075



TAB 6

OF THE RECORD

Cause No. PR-06-004

| In Re: Estate of | § | In the County Court |
|---|---|---|
| | § | |
| Ignacia Gutierrez | § | of |
| | § | |
| Deceased | § | Starr County, Texas |

## ORDER DENYING
## MOTION TO CLARIFY

Came on to be heard the Motion to Clarify Prior Ruling on Maria Cecilia Martinez's Plea

to the Jurisdiction, and the Court, having considered the motion, the response thereto, along with

the arguments and authorities of Counsel, finds such motion is not well taken.  Accordingly, such

motion is hereby; and accordingly, it is hereby

**DENIED**.

Signed and Entered on this the _____ day of January, 2018.

_____
JUDGE PRESIDING

cc:   Marcel Notzon, mcn@notzonlawfirm.com
       O.C. Hamilton, och@atlashall.com
       Keith C. Livesay, RGVAppellateLaw@yandex.com
       Dalinda Garcia, dalindabgarcialawoffice@yahoo.com

| In Re: Estate of | § | In the County Court |
| | § | |
| Ignacia Gutierrez | § | of |
| | § | |
| Deceased | § | Starr County, Texas |

## ORDER GRANTING
## MOTION TO CLARIFY

Came on to be heard the Motion to Clarify Prior Ruling on Maria Cecilia Martinez's Plea to the Jurisdiction, and the Court, having considered the motion, the response thereto, along with the arguments and authorities of Counsel, finds such motion is well taken. The Court finds that the plea to the jurisdiction should be **DENIED**. The Court expressly finds that it possesses jurisdiction to enter orders affecting the administration of the Estate, including (but not limited to) the preparation and form of deeds, who shall sign such deeds, and the terms and conditions of the sale of Decedent's home.

Signed and Entered on this the _____ day of January, 2018.

_____
JUDGE PRESIDING

cc:   Marcel Notzon, mcn@notzonlawfirm.com
      O.C. Hamilton, och@atlashall.com
      Keith C. Livesay, RGVAppellateLaw@yandex.com
      Dalinda Garcia, dalindabgarcialawoffice@yahoo.com



TAB 7

OF THE RECORD

Dennis D. Gonzalez
County Clerk
Starr County, Texas

**Jose Beliz**

CAUSE NO. <u>PR-06-004</u>

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| IGNACIA G. GUTIERREZ, | § | OF |
| | § | |
| DECEASED | § | STARR COUNTY, TEXAS |

## <u>AMENDED ORDER DENYING PLEA TO THE JURISDICTION</u>

Came on to be heard Cecilia Martinez's Plea to the Jurisdiction, and the Court, having considered the motion, any response thereto, along with the arguments and authorities of counsel, finds that such plea is not well taken; and accordingly, it is hereby DENIED.

This Order amends and replaces the Court's Order Denying Plea to Jurisdiction signed on or about May 22, 2017.

SIGNED this ___9___ day of ____January_____, 2018.

_____
JUDGE PRESIDING

cc:   O.C. Hamilton Jr., Atlas, Hall & Rodriguez, LLP, 818 W. Pecan Blvd, P.O. Box 3725 (78502-3725), McAllen, Texas 78501 – Email: och@atlashall.com

Marcel C. Notzon, III, The Notzon Law Firm, Northtown Professional Plaza, 6999 McPherson, Suite 325, Laredo, Texas 78041 – Email: mcn@notzonlawfirm.com

Keith C. Livesay, Livesay Law Office, Brazos Suites No. 9, 517 West Nolana, McAllen, Texas 78504 – Email: RGVAppellateLaw@yandex.com

Dalinda B. Garcia, Law Office of Dalinda B. Garcia, P.C., 4847 S. Jackson Rd., Suite E, Edinburg, Texas 78539 – Email: dalindabgarcialawoffice@yahoo.com

080